VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        26-AP-027



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2026

Richard Welch, Jr.\* v. Austin Rivers

}   APPEALED FROM:
}
}   Superior Court, Rutland Unit, Civil Division
}   CASE NO. 25-CV-03227
    Trial Judge: Susan A. McManus

In the above-entitled cause, the Clerk will enter:

Plaintiff, self-represented, appeals from the dismissal of his complaint for failure to state a claim on which relief can be granted.  We affirm.

Plaintiff is incarcerated.  He filed a complaint against defendant, a state correctional officer, concerning his mail delivery.  Plaintiff alleged that in July 2025, defendant photocopied plaintiff's mail and put it in the officer's desk in the unit.  The following day, another inmate noticed mail in the officer's desk and asked if it was his mail.  A different correctional officer stated that it was plaintiff's mail.  The next morning, an inmate brought plaintiff his mail, stating that defendant handed it to him to give to plaintiff.  When plaintiff looked at the mail, a portion of each page was missing on the left side.  Plaintiff also alleged that several months earlier, he received a booklet he ordered that had twenty-five pages missing.  On a third occasion in June 2025, plaintiff woke up to find his mail on his chair.  Another inmate told him that defendant had thrown it on the table and left.  Plaintiff alleged that this mail contained portions of a trial transcript and was sensitive material.  Plaintiff claimed that defendant violated his First Amendment rights, and he sought damages of $25,000 for pain and suffering and violation of his constitutional rights for having another inmate bring him his mail and for the delay in delivering his mail to him after it was photocopied.

Defendant moved to dismiss plaintiff's complaint under Vermont Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief could be granted.  Because plaintiff sought money damages for an alleged violation of his rights under the U.S. Constitution, defendant construed the complaint as raising a claim under 42 U.S.C § 1983.  See 42 U.S.C. § 1983 (creating cause of action against "person" who, acting under color of state law, deprives another person of any "rights, privileges, or immunities" secured under federal law); see also Kanciper v. Lato, 989 F. Supp. 2d 216, 234 (E.D.N.Y. 2013) ("[A] Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or

privileges."). Defendant acknowledged that inmates possess certain rights related to mail derived from the First Amendment. For example, because prisoners "have a First Amendment right of meaningful access to the courts," they have a derivative right to "receive legal mail without interference." Bellezza v. Holland, 730 F. Supp. 2d 311, 314 (S.D.N.Y. 2010). "In addition to the right of access to the courts, a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). Defendant argued that these rights were generally concerned with an inmate's access to legal mail, and that even when legal mail was at issue, "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation." Id.; see also Hudson v. Greiner, No. 99 CIV. 12339 (LAP), 2000 WL 1838324, at *5 (S.D.N.Y. Dec. 13, 2000) (holding that "to state a constitutional claim for the mistreatment of mail, plaintiff must allege facts which show that defendants acted with an invidious intent," and that plaintiff suffered actual damage from tampering); Bellezza, 730 F. Supp. 2d at 314 ("To establish a constitutional violation based on denial of access to the courts, a plaintiff must show that the defendant's conduct was deliberate and malicious, and that the defendant's actions resulted in an actual injury to the plaintiff." (quotation omitted)).

Defendant argued that plaintiff did not allege any tampering with any legal mail or any actual injury. With respect to the June 2025 trial transcript, even assuming that this was legal mail, plaintiff alleged only that defendant left the transcript in his cell while he slept. He did not allege in his complaint that the transcript was from a confidential proceeding, that any part of the transcript was missing, or that he suffered any actual harm from the transcript being left there. As to the July 2025 mailing, plaintiff alleged only that a portion of the pages from the mailing were missing. He did not allege that he suffered any actual harm from the missing pages, or that the mailing was legal mail. Defendant asserted that plaintiff's allegations were insufficient to state any claim of a First Amendment violation. Absent any allegation of tampering with legal mail, or actual, objective harm to plaintiff, defendant argued that the complaint failed to state a claim for relief and should be dismissed.

The court granted defendant's motion to dismiss without explanation. This appeal followed.

Plaintiff argues on appeal that the court erred in dismissing his complaint because the facts he alleged supported claims of "breach of duty of care, property interference, photocopying inmate legal mail without inmate present, violation of inmate's right of due process and constitutional rights of legal mail etc." Plaintiff asserts that his complaint met the minimum threshold to proceed under Vermont's liberal notice-pleading standard, particularly given that he is proceeding pro se. He contends that dismissal violated his due process rights by denying him the opportunity to present evidence.

We review the court's dismissal order de novo using "the same standard as the trial court." Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420. We "will uphold a motion to dismiss for failure to state a claim only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Id. (quotation omitted). "We assume as true all facts as pleaded in the complaint, accept as true all reasonable inferences derived therefrom, and assume as false all contravening assertions in the defendant's pleadings." Id. We do not accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." Vitale v. Bellows Falls Union High Sch., 2023 VT 15, ¶ 28, 217 Vt. 611. "Our role in reviewing the trial court's decision . . . is limited to determining whether the bare

allegations of the complaint are sufficient to state a claim." Birchwood, 2015 VT 37, ¶ 6 (quotation omitted).

At the outset, we emphasize that the trial court should have provided an explanation for its decision. We presume the court was persuaded by defendant's motion but in the future, it should explain why it reached this conclusion. Because our review is de novo, however, the lack of an explanation by the trial court does not hamper our review here.

In conducting our analysis, we do not consider new factual allegations that plaintiff raises for the first time on appeal. This includes his assertion that defendant left a copy of his trial transcript "in [the] unit on a table then left the unit to allow (thirty six) inmates access to my legal mail," and that as a result, "inmates [were] making threats of harm and 'Death' for what they read, stating [plaintiff] needs to die." Plaintiff's brief also includes other new factual allegations related to this assertion, such as his reference to a conversation with a unit supervisor, his allegation that defendant "failed to protect" him, and the other legal claims he raises for the first time.

Looking solely at plaintiff's complaint, we conclude that it was properly dismissed. It follows that plaintiff's due-process rights were not violated as he had no right to present evidence under these circumstances. Plaintiff alleged in his complaint that defendant violated his First Amendment rights and he sought damages. The complaint is reasonably construed as a claim under 42 U.S.C. § 1983. The facts alleged in the complaint do not support a negligence claim, a claim for "emotional distress," or a failure to protect, assuming these are actionable claims for relief.

As set forth above, to prevail in a § 1983 claim, plaintiff needed to show "that the defendant has deprived him of a right secured by the Constitution and laws of the United States," and that, in doing so, the defendant acted under the color of state law. Ragosta v. State of Vt., 556 F. Supp. 220, 225 (D. Vt. 1981) (quotation omitted). A plaintiff must "allege a tangible connection between the acts of [the] defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir.1986).

We agree with defendant that, even taking as true the allegations in plaintiff's complaint, he fails to show a denial of his rights under federal law. "[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment," although it may be subject to restrictions. Davis, 320 F.3d at 351 (explaining that restrictions are justified if they "further[] one or more of the substantial governmental interests of security, order, and rehabilitation" and are "no greater than is necessary or essential to the protection of the particular governmental interest involved" (quotation omitted)). This is not a case where plaintiff alleged any actual interference with his legal mail, including any alleged interference that "hindered [his] efforts to pursue a legal claim." Id. (recognizing that "interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution,: and "[t]o state a claim for denial of access to the courts . . . due to interference with legal mail . . . a plaintiff must allege that the defendant took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim" (quotation omitted)).

Instead, plaintiff complained that an inmate once handed him his mail, there was a slight delay in his receipt of this mail, the pages of this mail were "only 2/3 there," some pages had once been missing from another piece of mail, and a piece of mail was left in his cell that was a

part of a trial transcript that he considered sensitive material. Plaintiff did not identify any particular harm that resulted from these acts, however, aside from one of the letters being difficult to decipher. Assuming for the sake of argument that plaintiff alleges his mail was tampered with, courts have recognized in the legal-mail context that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation," and an inmate must instead "show that prison officials regularly and unjustifiably interfered with the incoming legal mail." Id. (quotation omitted) (recognizing that trial courts "have generally required specific allegations of invidious intent or of actual harm where the incidents of tampering are few and thus the implication of an actionable violation is not obvious on its face"). The allegations in plaintiff's complaint do not satisfy this standard.

We have considered all of the arguments in plaintiff's brief and reject them. Plaintiff's complaint was properly dismissed for failure to state a claim.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Michael P. Drescher, Associate Justice